# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-4107

_____

State Farm Mutual Automobile
Insurance Company,

        Appellant,

v.

Susan Griffin; Toni Woolsay,

        Appellees.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Western District of Arkansas.
\*
\*     [UNPUBLISHED]
\*

_____

Submitted: June 13, 2007
Filed: July 12, 2007

_____

Before LOKEN, Chief Judge, ARNOLD, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

This is an appeal from an order of the district court[1] dismissing State Farm's action for a declaratory judgment that its policy does not cover the damages occasioned by an automobile accident in which Susan Griffin and Toni Woolsay claim they were injured. *See* 28 U.S.C. §§ 2201, 2202. An Oklahoma state court in which Ms. Griffin and Ms. Woolsay filed an action for their injuries had previously entered an order declaring that State Farm was indeed liable under its policy, but State Farm

_____

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

asserted in its complaint in the district court that the order was void because State Farm was not a party to the state action.

The district court decided that it should abstain from hearing the case because the action pending in Oklahoma already provided an avenue to determine the coverage question. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 288-90 (1995). The district court reasoned that while the matter of coverage had already been ruled on, State Farm could intervene in the state court under Okla. Stat. tit. 12, § 2024.

On appeal, State Farm argues, among other things, that intervening in the Oklahoma action would be contrary to Oklahoma law and inefficient. We see no reason to believe that either of these two arguments has merit, and subsequent events have proved that they do not. State Farm has in fact moved to intervene in the Oklahoma action, has moved to have the judgment entered against it there vacated, and has petitioned for a declaratory judgment as to its obligations under its policy; the Oklahoma court, moreover, has granted the motion to intervene and has set aside its previous judgment. State Farm's petition for a declaratory judgment, so far as we can tell, remains pending in the Oklahoma court and there appears to be no obstacle in the way of its eventual and timely adjudication.

A district court has the discretion to determine whether and when to entertain a declaratory judgment action, especially when there is a parallel state court proceeding on the same matter, and we review its decision not to do so for an abuse of discretion. *Wilton*, 515 U.S. at 289-90. Since the Oklahoma state court is currently seized of jurisdiction in the very matter that State Farm wishes to have determined in the present action, we discern no abuse of discretion in dismissing this case. Indeed, the facts here make out a classic case for abstention.

Affirmed.

_____