# United States Court of Appeals
### FOR THE EIGHTH CIRCUIT

_____

No. 06-3454

_____

Royal Indemnity Company,             \*
individually and as successor by     \*
merger with Royal Insurance         \*
Company of America,              \*
formerly known as Royal Globe      \*
Insurance Company,              \*
                                 \*
        Appellant,          \*
                                 \*
    v.                       \*    Appeals from the United States
                                 \*    District Court for the
Apex Oil Company, Inc.            \*    Eastern District of Missouri.
individually and as successor in     \*
interest to Clark Oil and Refining   \*
Corporation; Ace Insurance        \*
Company, of Illinois, as             \*
successor in interest to INA        \*
Insurance Company of Illinois;     \*
Central National Insurance       \*
Company of Omaha; Maryland     \*
Casualty Company, as successor    \*
in interest to American General    \*
Insurance Company; National Union \*
Fire Insurance Company of Pittsburgh; \*
TIG Insurance Company, successor in \*
interest to International Insurance   \*
Company, successor in interest to   \*
International Insurance Company,    \*
                                 \*
        Appellees.          \*

—————————

No. 06-3461

—————————

| | |
|---|---|
| Royal Indemnity Company, individually and as successor by merger with Royal Insurance Company of America, formerly known as Royal Globe Insurance Company, | * * * * * * * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| Apex Oil Company, Inc. individually and as successor in interest to Clark Oil and Refining Corporation; Ace Insurance Company, of Illinois, as successor in interest to INA Insurance Company of Illinois; Central National Insurance Company of Omaha; Maryland Casualty Company, as successor in interest to American General Insurance Company; National Union Fire Insurance Company of Pittsburgh; TIG Insurance Company, successor in interest to International Insurance Company, | * * * * * * * * * * * * * * * |
| | * |
| Defendants, | * |
| | * |
| v. | * |
| | * |

-2-

National Union Fire Insurance Company
of Pittsburgh,

        Third Party Plaintiff -
        Appellant,

Corroon & Black of Missouri, Inc.;
Frank B. Hall & Co. of Missouri, Inc.,

        Third Party Defendants -
        Appellees.

_____

No. 06-3469

_____

Royal Indemnity Company,
individually and as successor by
merger with Royal Insurance
Company of America,
formerly known as Royal Globe
Insurance Company,

        Plaintiff,

    v.

Apex Oil Company, Inc.
individually and as successor in
interest to Clark Oil and Refining
Corporation; Ace Insurance
Company, of Illinois, as
successor in interest to INA
Insurance Company of Illinois;
Central National Insurance
Company of Omaha; Maryland

-3-

Casualty Company, as successor     *
in interest to American General     *
Insurance Company; National Union     *
Fire Insurance Company of Pittsburgh;     *
TIG Insurance Company, successor in     *
interest to International Insurance     *
Company,     *
    *
        Defendants,     *
    *
------------------------------     *
    *
TIG Insurance Company, successor     *
in interest to,     *
    *
        Cross-Claimant - Appellant,     *
    *
    v.     *
    *
Apex Oil Company, Inc.,     *
    *
        Cross-Defendant - Appellee.     *

_____

Submitted: October 19, 2007
Filed: January 2, 2008
_____

Before LOKEN, Chief Judge, GRUENDER and BENTON, Circuit Judges.
_____

GRUENDER, Circuit Judge.

Royal Indemnity Company brought this action pursuant to 28 U.S.C. §§ 2201 and 2202, to seek a declaration of the rights and obligations of Royal Indemnity Company, various other insurance companies and Apex Oil Company, Inc. ("Apex"),

-4-

under certain insurance policies Royal Indemnity Company and the other insurance companies issued to Apex. For the reasons discussed below, we affirm the district court's[1] decision to abstain, but we vacate the dismissal order and remand so that the court can instead enter an order staying the proceedings.

## I. BACKGROUND

Between May 2003 and April 2005, the State of Illinois, the United States, and a group of individuals filed five separate lawsuits ("the underlying suits") against Apex in state and federal courts in Illinois based on the actions of Apex and its predecessor companies in releasing contaminants into the soil surrounding its oil refinery in Hartford, Illinois. Royal Indemnity Company defended Apex on the majority of the underlying suits. On August 5, 2005, Apex brought suit against multiple insurers in the Circuit Court of Madison County, Illinois ("the Illinois lawsuit"), seeking a declaration of the parties' rights and responsibilities with respect to the Hartford soil contamination under policies the insurance companies had issued to Apex.

On March 22, 2006, Royal Indemnity Company initiated this lawsuit by filing a complaint in federal court pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, "seeking adjudication of the parties' rights and obligations under certain insurance policies." In its complaint, Royal Indemnity Company also sought a declaration of the rights and responsibilities of the parties based on claims of equitable contribution, subrogation, unjust enrichment and/or equitable estoppel for the costs Royal Indemnity Company incurred in defending Apex as well as attorneys' fees, costs and interest. In this lawsuit, Royal Indemnity Company named Ace Insurance Company of Illinois; Central National Insurance Company of Omaha;

---

[1]The Honorable Carol E. Jackson, Chief Judge, United States District Court for the Eastern District of Missouri.

Maryland Casualty Company, as successor in interest to American General Insurance Company; National Union Fire Insurance Company of Pittsburgh, PA; and TIG Insurance Company as defendants. In the course of this lawsuit, National Union and TIG Insurance Company filed separate cross-complaints against Apex, and National Union interpleaded Corroon & Black of Missouri, Inc., and Frank B. Hall & Co. of Missouri, Inc., as third-party defendants.

On May 19, 2006, Apex amended its complaint in the Illinois lawsuit to name as defendants the same entities who are parties to this lawsuit. Apex then filed a motion to dismiss this lawsuit as duplicative of the Illinois lawsuit. The Illinois lawsuit remains active, although two of the defendants, National Union and Corroon & Black, have filed motions to dismiss, which were still pending before the Illinois state court at the time this appeal was submitted. The district court granted Apex's motions to dismiss Royal Indemnity Company's initial complaint and National Union's and TIG's cross-claims, dismissing all claims without prejudice under the abstention doctrine of *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). The district court found that the Illinois lawsuit and this lawsuit were parallel, that the claim was essentially one for declaratory judgment, and that it had the discretion to abstain from this lawsuit under *Wilton* and *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942).

Royal Indemnity Company, National Union and TIG (collectively "Royal")[2] appeal the dismissal, claiming the district court erred in finding that it could abstain under *Wilton* and *Brillhart*. Royal requests that we either find that the abstention test articulated in *Wilton* and *Brillhart* does not apply or, in the alternative, that we remand

_____

[2]For the sake of simplicity, we refer to all three appellants as Royal throughout this opinion. Although the three appellants entered the lawsuit at different times, the district court used the same rationale in dismissing the appellants' claims and cross-claims against Apex, and the three use the same arguments in their efforts to prove that abstention is inappropriate in this lawsuit.

so the district court can enter an order staying these proceedings instead of dismissing this lawsuit. We affirm the district court's decision to abstain, but we vacate the dismissal and remand for the district court to enter an order staying the proceedings in this lawsuit.

## II. DISCUSSION

Although rare, federal courts may sometimes refrain from exercising jurisdiction over a case properly filed in federal court. "The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188 (1959). In *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976), the Supreme Court noted that federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." Under the standard articulated in *Colorado River*, a federal court should only abstain from a case in which there are parallel state proceedings for "exceptional circumstances." *Id*. at 813 (quoting *County of Allegheny*, 360 U.S. at 188-89).

However, the test articulated in *Colorado River* for a federal court to abstain when there are parallel state proceedings does not apply to actions under the Declaratory Judgment Act. *See Wilton*, 515 U.S. at 286. Federal courts have more discretion to abstain in an action when a party seeks relief under the Declaratory Judgment Act. *See Wilton*, 515 U.S. at 286-87; *Brillhart,* 316 U.S. at 494-95. This broader discretion arises out of the Declaratory Judgment Act's language that a court "*may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added). The Supreme Court has noted that it has "repeatedly characterized the Declaratory Judgment Act as 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.'" *Wilton*, 515 U.S. at 287 (quoting *Public Serv. Comm'n of Utah v. Wycoff*

*Co.*, 344 U.S. 237, 241 (1952)).  In emphasizing the uniqueness of the Declaratory Judgment Act, the Court commented that its "textual commitment to discretion, and the breadth of leeway we have always understood it to suggest, distinguish the declaratory judgment context from other areas of the law in which concepts of discretion surface."  *Id.* at 286-87.  Therefore, in a declaratory judgment action, a federal court has broad discretion to abstain from exercising jurisdiction even if there are no exceptional circumstances as articulated in *Colorado River*.  *See Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 997 (8th Cir. 2005).

According to *Brillhart*, for a district court to have discretion to abstain in a proceeding under the Declaratory Judgment Act, the parallel state court proceeding must present "the same issues, not governed by federal law, between the same parties," and the court must evaluate "whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc." *Brillhart*, 316 U.S. at 495.  After considering these factors, a federal court may abstain from the proceeding because "[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where" a parallel state court proceeding is pending.  *Id.*

We review a district court's decision to abstain for abuse of discretion, giving underlying legal decisions plenary review.  *Cedar Rapids Cellular Tel., L.P. v. Miller*, 280 F.3d 874, 878 (8th Cir. 2002).

Royal argues that the district court erred in applying the *Wilton* and *Brillhart* abstention doctrine and instead should have applied the "exceptional circumstances" test articulated in *Colorado River*.  However, unlike *Colorado River*, this lawsuit involves a declaratory judgment action.  Apex, therefore, claims that the district court correctly relied upon *Wilton* and *Brillhart* to govern its abstention analysis.  Royal responds by arguing that Royal Indemnity Company's claims for contribution,

subrogation, unjust enrichment and equitable estoppel are independent from its claims for declaratory judgment, and the existence of these claims causes *Wilton* and *Brillhart* to be inapplicable and requires instead that we analyze the decision to abstain under the test articulated in *Colorado River*. Royal thus concludes that the circumstances here are not so exceptional as to allow a federal court to abstain and that we should therefore reverse the district court and remand for this lawsuit to proceed on the merits.

However, the fact that Royal Indemnity Company seeks monetary damages in addition to declaratory relief does not require a federal court automatically to apply the exceptional circumstances test articulated in *Colorado River*. The Declaratory Judgment Act allows a court to grant any "further necessary or proper relief based on" its declaratory judgment decree. 28 U.S.C. § 2202. A court has discretion to grant further necessary or proper relief in declaratory judgment actions; consequently, a court may still abstain in a case in which a party seeks damages as well as a declaratory judgment so long as the further necessary or proper relief would be based on the court's decree so that the essence of the suit remains a declaratory judgment action. *See, e.g., Horne v. Firemen's Ret. Sys. of St. Louis*, 69 F.3d 233, 236 (8th Cir. 1995) (finding that "the essence of [Horne's] suit [was] one for declaratory judgment" when he sought a declaratory judgment, an injunction to prevent his employers from removing him from his job, emotional distress damages and attorneys' fees). While Royal Indemnity Company seeks monetary damages in addition to a declaratory judgment, those damages can all be characterized as "further necessary or proper relief" that Royal Indemnity Company seeks based on the requested declaratory judgment. The damages Royal Indemnity Company seeks are not independent of the requested declaratory judgment, but are closely linked with it. The prayer for relief in Royal Indemnity Company's complaint seeks:

> A. Under Count I [a claim for declaratory relief regarding Apex], declaring that Royal [Indemnity Company] is not required to defend and/or indemnify Apex Oil in the Illinois Action;

B.  Under Count II [the claim for equitable contribution, subrogation, and/or unjust enrichment], declaring that Royal [Indemnity Company] is entitled to contribution from the Defendant Insurers for their portion of Apex Oil's defense costs in the [underlying suits] to be determined by the Court;

C.  Under Count III [the claim for equitable estoppel], declaring that ACE, Central National and National Union are equitably estopped from denying Apex Oil a defense and/or indemnity in the [underlying suits];

D.  Under Count IV [a claim for declaratory relief regarding the other insurers], declaring the rights and responsibilities of the Parties in connection with the [underlying suits], including a declaration that Royal [Indemnity Company] has no obligation to continually defend and/or indemnify Apex Oil in the [underlying suits], or in the alternative, declaring that any defense and/or indemnity obligations owed to Apex Oil in connection with the [underlying suits] must be apportioned between and among the insurance policies issued by Royal [Indemnity Company] and all Defendant Insurers and/or Apex Oil itself;

E.  Awarding attorneys' fees, costs and interest and such other and further relief as this Court may be [sic] necessary and proper.

If the district court were to reject Royal Indemnity Company's claims under the Declaratory Judgment Act, it could not recover on the claims for contribution, subrogation, unjust enrichment and equitable estoppel.  According to the prayer for relief in its complaint, Royal Indemnity Company generally seeks declarations of the rights and responsibilities of the various parties involved in the lawsuit.  However, it also seeks contribution from the other insurance companies for the portion of Apex's defense costs "to be determined by the Court."  Such contribution, however, would clearly arise out of the district court's determination of the rights and responsibilities of the various insurers and, therefore, would clearly constitute "further necessary or proper relief" based on the declaratory judgment.  The only other monetary damages Royal Indemnity Company explicitly requests in the complaint are attorneys' fees, costs and interest, all of which are also "further necessary or proper relief" based on the requested declaratory judgment.  Therefore, as in *Horne*, we believe the essence of this lawsuit is one for declaratory judgment.

In *Horne*, this court concluded that Horne's "suit [was] most aptly characterized as one for declaratory judgment; that is, for a declaration of his rights with respect to his continued employment with any additional relief based on the court's decree" when he sought a declaratory judgment, an injunction to prevent his employers from removing him from his job, unspecified emotional distress damages and attorneys' fees in a duplicative federal action. 69 F.3d at 236. Because "the essence of his suit [was] one for declaratory judgment," and *Brillhart* governs a district court's decision to abstain from a declaratory judgment action, we affirmed the district court's decision to abstain. *Id.* In *Cedar Rapids*, conversely, we reversed the district court's decision to abstain because, in addition to a declaratory judgment, the appellants sought injunctive relief to prevent the Iowa Attorney General from enforcing an Iowa law against them which they claimed was preempted by the Federal Communications Act. 280 F.3d at 877-79. We noted that "*Brillhart* applies to declaratory judgment actions generally, but not to actions that, like this one, involve good faith claims for injunctive relief."[3] *Id.* at 879. Royal argues that *Cedar Rapids* limits *Horne* and that *Cedar Rapids* applies here because Royal Indemnity Company seeks not only declaratory relief but also claims for contribution, subrogation, unjust enrichment and equitable estoppel. However, we do not agree that *Cedar Rapids* controls in this lawsuit. Because Royal Indemnity Company does not seek an injunction, *Cedar Rapids* does not prevent a federal court from abstaining from this lawsuit.

---

[3]In explicitly requiring that an injunction be in good faith for *Brillhart* not to apply, *Cedar Rapids* was clearly referring to an exception noted in *Black Sea Investment, Ltd. v. United Heritage Corp.*, 204 F.3d 647, 652 (5th Cir. 2000). In *Black Sea*, the Fifth Circuit explained that generally when a party seeks both declaratory and injunctive relief, the test articulated in *Colorado River* controls and "the only potential exception to this general rule applies when a party's request for injunctive relief is either frivolous or is made solely to avoid application of the *Brillhart* standard." *Id.* Based on *Cedar Rapids*'s reliance on *Black Sea*, we conclude that a "good faith" injunction is one that is not frivolous or made solely to avoid application of *Wilton* and *Brillhart*. Therefore, *Wilton* and *Brillhart* may not apply when a party seeks a good faith injunction as well as declaratory relief, but a party cannot avoid application of the *Wilton* and *Brillhart* abstention standard merely by artfully pleading manufactured claims for injunctive relief.

Royal also argues that the Ninth Circuit's decisions in *Government Employees Insurance Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1998) (en banc), and *United National Insurance Co. v. R & D Latex Corp.*, 242 F.3d 1102 (9th Cir. 2001), support its claims that *Wilton* and *Brillhart* do not apply here. However, not only are these cases not binding precedent for us, they are easily distinguishable. In *Dizol*, the Ninth Circuit stated that abstention was inappropriate when a complaint included other claims such as bad faith, breach of contract, breach of fiduciary duty and recission. 133 F.3d at 1225. Those claims were entirely separate and distinct from the claim for declaratory judgment and thus could not be deemed "further necessary or proper relief" based on the sought-after declaratory judgment claim. Thus, *Wilton* and *Brillhart* would clearly be an inappropriate basis for abstention in those circumstances. In *R & D Latex*, the Ninth Circuit noted that one of the claims, a request for monetary relief, was essentially a claim for breach of contract. 242 F.3d at 1112. The Ninth Circuit found that the claim for monetary relief was "independent of the request for declaratory relief." *Id*. at 1114. Here, Royal Indemnity Company's claims for monetary relief are not independent of the request for declaratory judgment, but qualify as further necessary or proper relief under the Declaratory Judgment Act. Thus, *Dizol* and *R & D Latex* simply do not apply to our analysis.

Therefore, because the essence of this lawsuit is one for declaratory judgment and because the *Wilton* and *Brillhart* abstention analysis applies to claims for declaratory judgment, we hold that the district court correctly determined that the *Wilton* and *Brillhart* abstention standard applied. We now must address whether the district court abused its discretion in applying the factors presented in *Wilton* and *Brillhart* when it reached its conclusion that it could abstain. As discussed above, for a district court to have discretion to abstain in a proceeding under the Declaratory Judgment Act, the state court proceeding must present "the same issues, not governed by federal law, between the same parties," and the federal court must evaluate "whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc." *Brillhart*, 316 U.S. at 495.

-12-

Here, analyzing the factors presented in *Brillhart* and *Wilton*, we conclude that the district court did not abuse its discretion in finding that it had discretion to abstain from hearing this lawsuit. The Illinois lawsuit and this lawsuit both seek a declaration of the rights and responsibilities of the parties under the insurance policies regarding the underlying lawsuits against Apex. Royal argues that this lawsuit presents a separate issue because it seeks monetary damages as well as relief under the Declaratory Judgment Act. As discussed above, however, that is incorrect because we find this lawsuit to be, in essence, an action for a declaratory judgment. Therefore, the issues in both proceedings are the same.

The issues to be resolved in both the Illinois lawsuit and this lawsuit involve the application of state insurance law. Federal law does not govern the underlying issues of the Illinois lawsuit or this lawsuit. Therefore, this factor does not disqualify the federal court from abstaining under *Wilton* and *Brillhart*. *See Brillhart*, 316 U.S. at 495. *See also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 26 (1983) (finding that if federal law governs the federal action, that "must always be a major consideration weighing against surrender").

The parties to both the Illinois lawsuit and this lawsuit were the same at the time this appeal was submitted. All the necessary parties have been joined in the Illinois lawsuit, and their claims can be adjudicated in the Illinois state court. Royal notes that National Union and Corroon & Black have filed motions to dismiss in the Illinois lawsuit and argues that if those motions are granted, the parties to the two lawsuits will not be identical and the court should not be able to invoke the *Wilton* and *Brillhart* abstention doctrine. However, at the time this appeal was submitted, the Illinois state court had not granted those motions. Thus, for the purposes of this lawsuit and the abstention analysis, the parties are the same. If the Illinois state court eventually grants those motions to dismiss, the parties to the lawsuits will not be identical and the abstention analysis may be different. However, we decline to speculate on how the Illinois state court might rule with respect to the motions to dismiss. Therefore, on the record as presented to us, the parties to the two lawsuits are identical.

Finally, Royal argues that the district court erred in failing to analyze the choice of law and *forum non conveniens* considerations in deciding to abstain. However, the Supreme Court has never used choice of state law or *forum non conveniens* as factors in analyzing an abstention under *Wilton* and *Brillhart*, and Royal cites only one unpublished decision from the Southern District of New York in which those factors have been considered. *See Reliance Ins. Co. of Illinois v. Multi-Fin. Secs. Corp.*, 1996 WL 61763, at *4-5 (S.D.N.Y. 1996) (unpublished) (finding, among other factors, that choice of law and *forum non conveniens* supported the court's decision to abstain). This unpublished, nonbinding case does not persuade us that we are required to consider choice of law and *forum non conveniens*, particularly because *Reliance* merely stated that "choice of law and *forum non conveniens* factors also support abstention" and did not hold that a court *must* consider those factors in determining whether abstention was appropriate. *Id.*

Were we to consider choice of law and *forum non conveniens* in determining whether to abstain under *Wilton* and *Brillhart*, these considerations would not compel us to refrain from abstaining in this lawsuit. Even if the choice of law analysis led to choosing Missouri law, the Illinois state court is perfectly capable of applying Missouri state law in its case. *See Morris B. Chapman & Assocs. v. Kitzman*, 739 N.E.2d 1263, 1268 (Ill. 2000) (upholding the application of Missouri law in an action for attorneys' fees filed in Madison County). Even if we were to consider the issue of *forun non conveniens,* we would not find the Illinois state court inconvenient because Madison County is located very close to the district court for the Eastern District of Missouri, because the underlying lawsuits were filed in Illinois and because the insured property is located in Illinois. Thus, we reject Royal's argument that choice of law and *forum non conveniens* compel us to refrain from abstaining in this lawsuit.

Thus, we affirm the district court's decision to apply the *Wilton* and *Brillhart* abstention standard, and after considering the appropriate *Wilton* and *Brillhart* factors, we hold that the district court did not abuse its discretion in abstaining from this lawsuit to allow the parallel state court action to proceed.

However, we vacate the dismissal order and remand so that the district court can enter instead a stay of proceedings. As courts have noted, "where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case . . . fails to resolve the matter in controversy." *Wilton*, 515 U.S. at 288 n.2. *See also Int'l Ass'n of Entrepreneurs of Am. v. Angoff,* 58 F.3d 1266, 1271 (8th Cir. 1995); Hart and Wechsler's The Federal Courts and the Federal System 1193 (5th ed. 2003) (discussing the distinction between a stay and a dismissal). As the Supreme Court has concluded, an order staying an action "does not constitute abnegation of judicial duty. On the contrary, it is a wise and productive discharge of it. There is only postponement of decision for its best fruition." *Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25, 29 (1959). Here, the Illinois state court could potentially grant the motions to dismiss of Corroon & Black and National Union, leading to different parties in each lawsuit and perhaps creating non-parallel proceedings. Therefore, because of the potential for non-parallel proceedings, because of potential statutes of limitations issues and because of the preference for stays, we remand so that the district court can enter a stay rather than a dismissal in this lawsuit.[4]

## III.  CONCLUSION

Accordingly, we affirm the district court's decision to abstain, but we vacate its dismissal order and remand for entry of a stay.

_____

---

[4]Because we remand so that the district court can enter a stay in this lawsuit, we need not address Royal's argument that in dismissing this lawsuit the district court abused its discretion under *Quackenbush v. Allstate Insurance Co.*, 517 U.S. 706 (1996).

-15-