# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3850

_____

Cincinnati Indemnity Company,       *
                                        *

               Appellant,       *

                                        *   Appeal from the United States
      v.                          *   District Court for the
                                        *   Western District of Missouri.

A & K Construction Company,     *
doing business as Kirchner &       *
Company; Kevin Kirchner         *

                                        *

             Appellees.       *

_____

Submitted: June 13, 2008
Filed: September 15, 2008

_____

Before MELLOY, ARNOLD, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Cincinnati Indemnity Company issued a workers' compensation policy to A&K Construction Company d/b/a Kirchner and Company (A&K). Cincinnati sued for a declaratory judgment that Kevin Kirchner was not an A&K employee when he was injured on May 17, 2006. Both Kirchner and A&K moved to dismiss for lack of subject matter jurisdiction. The district court granted the motions to dismiss under Federal Rule of Civil Procedure 12(b)(1). Having jurisdiction under 28 U.S.C. § 1291, this court vacates and remands.

I.

Kirchner was working on a border fence of a farm he owned in Russellville, Missouri. A&K's business address is at a separate location in Russellville. While driving his own all-terrain vehicle between his property and A&K's business address, Kirchner was involved in an accident, sustaining serious and permanent injuries. He asserts he was working, as an employee, on the fence at the instruction of A&K. Cincinnati counters that he was driving the ATV to retrieve tools to repair or build his own fence.

Kirchner filed for workers' compensation benefits with the Missouri Department of Labor and Industrial Relations (LIR). Cincinnati opposed his claim, asserting that at the time of the accident, he was not an employee as defined in the policy. His claim is still pending before the LIR.

Cincinnati also filed for declaratory judgment in Missouri state court, requesting interpretation of the same policy at issue here. The state trial court entered an interlocutory dismissal without prejudice, due to the doctrine of primary jurisdiction. The state court of appeals rejected an appeal, finding no appealable "judgment." The case is still pending in state court.[1]

II.

The district court dismissed for lack of subject matter jurisdiction. To the contrary, a district court has subject matter jurisdiction to try an original action

[1]Cincinnati objects that the state case is not "pending" as there is an interlocutory order dismissing it without prejudice, pursuant to the doctrine of primary jurisdiction. This objection is meritless. In Missouri: "An interlocutory order is always under the control of the court making it. At any time before final judgment a court may open, amend, reverse or vacate an interlocutory order." *Woods v. Juvenile Shoe Corp. of Am.*, 361 S.W.2d 694, 695 (Mo. 1962) (citations omitted).

concerning a state workers' compensation claim, if the requisites of diversity jurisdiction are met. ***Horton v. Liberty Mut. Ins. Co.***, 367 U.S. 348, 352 (1961); ***Home Indem. Co. v. Moore***, 499 F.2d 1202, 1204 (8th Cir. 1974). *See **Beach v. Owens-Corning Fiberglass Corp.***, 728 F.2d 407, 409-10 (7th Cir. 1984) (ruling that district court had jurisdiction to entertain workers' compensation suit but should have dismissed it for failure to state a claim upon which relief could be granted); ***Begay v. Kerr-McGee Corp.***, 682 F.2d 1311, 1315-19 (9th Cir. 1982) (district court dismissed workers' compensation claims for lack of subject matter jurisdiction but appellate court upheld dismissal for failure to state a claim upon which relief could be granted, due to Arizona Industrial Commission's exclusive jurisdiction). *But see **Connolly v. Md. Cas. Co.***, 849 F.2d 525 (11th Cir. 1988) (affirming district court's dismissal of case based on lack of subject matter jurisdiction because Florida's Workers' Compensation Act provided exclusive remedy); ***Stuart v. Colo. Interstate Gas Co.***, 271 F.3d 1221, 1224-25 (10th Cir. 2001); ***Armistead v. C & M Transp., Inc.***, 49 F.3d 43, 47 (1st Cir. 1995), *overruled on other grounds by **City of Chicago v. Int'l Coll. of Surgeons***, 522 U.S. 156, 162, 178 (1997); ***Evans v. B.F. Perkins Co.***, 166 F.3d 642, 650 (4th Cir. 1999).

III.

The complaint seeks only a declaratory judgment. Presented with the motion to dismiss, the district court should have considered abstaining from exercising jurisdiction in this declaratory case where a parallel state lawsuit is pending. *See **Martin Ins. Agency, Inc. v. Prudential Reinsurance Co.***, 910 F.2d 249, 254-55 (5th Cir. 1990) (although parties did not discuss abstention in district court, dismissal for lack of subject matter jurisdiction may be affirmed on abstention grounds); *cf. **Less v. Lurie***, 789 F.2d 624, 625 n.1 (8th Cir. 1986) (a motion to dismiss under Rule 12 (b)(1) may be treated as a motion to dismiss for failure to state a claim under Rule 12 (b)(6)). This court may raise the issue of the appropriateness of abstention sua sponte. ***Robinson v. City of Omaha***, 866 F.2d 1042, 1043 (8th Cir. 1989).

Because Cincinnati requested a declaratory judgment pursuant to 28 U.S.C. § 2201, the district court had the discretion to determine "whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995), *citing* *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942). A district court may exercise its discretion and determine that a declaratory judgment serves no useful purpose. *Wilton*, 515 U.S. at 288. It may stay or dismiss the action. *Id.*; *Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 793 (8th Cir. 2008).

Deciding whether to entertain a declaratory judgment action, a district court should determine if the question in controversy would be better settled in the proceedings in the state court. *See Brillhart*, 316 U.S. at 495. This analysis includes whether the state case involves the same issues and parties as the federal declaratory case, whether all claims can be decided in the state court, and whether all parties are joined and amenable to process there. *Royal*, 511 F.3d at 793, *quoting Brillhart*, 316 U.S. at 495. The issues cannot be governed by federal law. *Id.*

In this case, the parties and the issues are identical in federal and state courts.[2] Missouri law governs the issues. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). All necessary parties are already joined in the Missouri case. Finally, as the district court referenced, the state proceedings are adequate to resolve the issue of

---

[2]This court need not address the effect of the pending administrative claim before the LIR. *See Calico Trailer Mfg. Co. v. Ins. Co. of N. Am.*, 155 F.3d 976, 978 (8th Cir. 1998); *Dial v. Hartford Accident & Indem. Co.*, 863 F.2d 15, 16-17 (5th Cir. 1989) (affirming dismissal of case alleging breach of workers' compensation policy, due to failure to exhaust available administrative remedies); *Jarrard v. CDI Telcomms., Inc.*, 408 F.3d 905, 909 n.3 (7th Cir. 2005) (affirming dismissal of state workers' compensation claim, for failure to state a claim upon which relief may be granted).

Kirchner's status at the time of the accident, which will result in uniform decisions within the state's statutory scheme. In sum, the question in controversy will be better settled in the pending Missouri case.

## IV.

Because the district court erred by not abstaining on these facts, the judgment of the district court is vacated, and the case remanded for consideration whether it should be dismissed without prejudice or stayed.

_____