# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1137

_____

Triple H Debris Removal, Inc.,      *
     *
         Appellant,      *
     *   Appeal from the United States
     v.      *   District Court for the Western
     *   District of Arkansas.
Companion Property and Casualty      *
Insurance Company,      *
     *
         Appellee.      *
     *

_____

Submitted: September 26, 2008
Filed: March 30, 2009

_____

Before RILEY, BRIGHT, and MELLOY, Circuit Judges.

_____

MELLOY, Circuit Judge.

Companion Property and Casualty Insurance Company issued a workers' compensation policy to Triple H Debris Removal in August 2005. After a dispute arose over an alleged outstanding premium on a prior policy, Companion canceled Triple H's coverage. Thereafter, a Triple H employee was injured and Companion denied coverage. On March 29, 2006, Triple H sued Companion in Arkansas state court. Companion timely removed the case to the U.S. District Court for the Western District of Arkansas and filed a motion for summary judgment. On December 10, 2007, the district court granted summary judgment and dismissed Triple H's suit. On

appeal, Triple H claims the district court did not have subject matter jurisdiction and, alternatively, erred in granting summary judgment. Having subject matter jurisdiction, we reverse the district court's grant of summary judgment.

I.

For summary judgment purposes, we "consider[] the evidence in the light most favorable to the nonmoving party and draw[] all reasonable inferences in that party's favor." PHL Variable Ins. Co. v. Fulbright McNeill, Inc., 519 F.3d 825, 828 (8th Cir. 2008).

Triple H is an Arkansas corporation with its principal place of business in Arkansas. Companion is a South Carolina corporation with its principal place of business in South Carolina. In April 2005, Companion issued Triple H a workers' compensation insurance policy, effective April 21, 2005, to April 21, 2006. Companion estimated Triple H's premium cost for the policy to be $7,538. Per the agreement, however, Companion was to audit the policy at its expiration to determine the actual premium owed. The companies agreed that the audit would ultimately control the premium amount.

On August 21, 2005, Companion canceled the policy because Triple H failed to make a premium payment. Following the cancellation, Triple H paid the outstanding balance, and Companion issued Triple H a second policy, effective September 15, 2005, to April 21, 2006.

After issuing the second policy, Companion audited the first policy to determine the actual premium owed for its original coverage. Companion's audit concluded that Triple H owed a further premium payment in the amount of $1,853 for the first policy. Triple H refused to pay, claiming that it had paid the proper premium and that Companion's audit was incorrect. To support its position, on December 29, 2005,

Triple H told its insurance agent that the premium should not be changed and had the agent forward Triple H's payroll information to Companion to dispute the audit's accuracy. Nevertheless, due to Triple H's refusal to pay the alleged outstanding premium on the first policy, Companion notified Triple H on January 3, 2006, that it was terminating the second policy, effective January 15, 2006.

On February 16, 2006, a Triple H employee sustained a serious work-related injury. Companion denied coverage, claiming it had terminated Triple H's policy prior to the accident. On March 29, 2006, Triple H sued Companion in Arkansas state court for breaching the policy. Thereafter, Triple H amended its complaint to include an additional lost-profits claim of $200,000. Companion timely removed the case to federal court and filed a motion for summary judgment. On December 10, 2007, the district court granted summary judgment in Companion's favor and dismissed the case.

## II.

On appeal, Triple H claims the district court did not have subject matter jurisdiction and, alternatively, erred in granting summary judgment. We hold that the district court had subject matter jurisdiction but that genuine issues of material fact remain as to whether Companion breached the policy agreement.

## A.

Triple H's first claim is that the district court did not have subject matter jurisdiction. Although Triple H did not raise this issue before the district court, "[s]ubject matter jurisdiction can be raised at any time." Alternate Fuels, Inc. v. Cabanas, 538 F.3d 969, 975 (8th Cir. 2008).

Triple H contends subject matter jurisdiction is lacking because Arkansas law grants the Arkansas Workers' Compensation Commission exclusive, original jurisdiction to resolve workers' compensation disputes. Companion claims subject matter jurisdiction is present because this suit is a mere contract dispute and, on the face of Triple H's complaint, there is diversity jurisdiction. Without needing to characterize the suit, we hold we have jurisdiction over this matter.

In <u>Cincinnati Indemnity Co. v. A & K Construction, Co.</u>, we held "a district court has subject matter jurisdiction to try an original action concerning a state workers' compensation claim, if the requisites of diversity jurisdiction are met." <u>Cincinnati Indem. Co. v. A & K Constr., Co.</u>, 542 F.3d 623, 624 (8th Cir. 2008). Here, diversity jurisdiction is proper under 28 U.S.C. § 1332 because it is undisputed that Triple H and Companion are two completely diverse parties disputing a claim exceeding $75,000. <u>See</u> <u>Advance Am. Servicing of Ark., Inc. v. McGinnis</u>, 526 F.3d 1170, 1172 (8th Cir. 2008) (stating, under 28 U.S.C. § 1332, diversity jurisdiction "exists if there is complete diversity of citizenship and the amount in controversy is greater than $75,000" (citation omitted)). Therefore, based on our holding in <u>Cincinnati Indemnity Co.</u>, we conclude there is subject matter jurisdiction under § 1332.

B.

Triple H's second claim is that the district court erred in granting summary judgment. "We review the district court's grant of summary judgment de novo." <u>Montes v. Greater Twin Cities Youth Symphonies</u>, 540 F.3d 852, 857 (8th Cir. 2008) (quotation omitted). "A grant of summary judgment is proper when there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." <u>Emergency Med. Servs., Inc. v. St. Paul Mercury Ins. *Co.*</u>, 495 F.3d 999, 1004–05 (8th Cir. 2007) (citations and internal quotation omitted).

The district court granted summary judgment because it found there was no genuine issue of material fact as to whether Triple H breached the first policy. Therefore, as a matter of Arkansas law, it concluded Companion was entitled to cancel the second policy for Triple H's first-policy breach. Beyond arguing the district court did not have jurisdiction to resolve the latter question of Arkansas law, Triple H does not contest the district court's legal finding. Thus, we do not address that issue. Nevertheless, Triple H argues that there is a genuine issue of material fact as to whether it breached the first policy.

According to the terms of both insurance policies, to avoid breaching the policies when refusing to pay an audit premium, Triple H had to raise a "bonafide dispute" as to the amount owed. To raise a bonafide dispute, the policies provided that Triple H had to: (1) provide a detailed written explanation of why it thought the premium was incorrect, (2) provide a detailed explanation of its estimate of what the premium should be, and (3) pay any undisputed portion of the premium owed. The district court concluded that Triple H failed to comply with these provisions and, therefore, breached the first policy. We disagree.

Viewing the facts in a light most favorable to Triple H, there is a genuine issue of material fact as to whether Triple H raised a bonafide dispute. According to the record, Triple H disputed the premium at issue by refusing to pay the amount charged, submitting its payroll data, and informing its insurance agent that it believed it had paid the sufficient amount owed for the first policy's coverage. Although the district court and Companion both note that Triple H admitted in an interrogatory that Triple H had failed to pay any of the undisputed portion of the audit premium, we do not find that admission controlling for one simple reason: Triple H disputes the entire additional audit premium, making the undisputed portion zero.

Further, we are at a loss as to what more Companion could reasonably expect of Triple H when attempting to dispute the premium charge. Triple H notified its

insurance agent that it believed it had paid the proper premium, and it had the agent submit data to support its claim. At oral argument, Companion admitted that the agent was a Companion agent and "could serve as a conduit" to communicate with it. In contrast, Companion failed to cite any evidence that it responded to Triple H's concerns, notified Triple H that it needed to provide more detail for its claim, or took any action whatsoever upon receipt of Triple H's data beyond canceling its coverage. For those reasons, genuine issues of material fact remain as to whether Triple H breached the first policy.

## IV.

Based on the foregoing, we reverse the district court's grant of summary judgment and remand for further proceedings.

_____