# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 09-3079

———————

United States of America,     *
                     *

         Appellee,     *

                     *    Appeal from the United States

     v.                   *    District Court for the

                     *    Southern District of Iowa

Darwin G. Rice,           *

                     *

         Appellant.     *

———————

Submitted: April 13, 2010
Filed: May 13, 2010

———————

Before BYE, BEAM and GRUENDER, Circuit Judges.

———————

GRUENDER, Circuit Judge.

Darwin Rice appeals from a garnishment order entered by the district court[1] allowing the Government to seize and sell Rice's stored grain in an effort to satisfy restitution owed to the United States as part of his criminal sentence. Rice argues that the district court sua sponte should have stayed its decision on the garnishment order, pending resolution of other claims the Government has made against his other property. Alternatively, Rice argues that the district court sua sponte should have

---

[1]The Honorable Robert W. Pratt, Chief Judge, United States District Court for the Southern District of Iowa.

abstained from exercising jurisdiction over the garnishment proceeding under the rationale of *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). For the following reasons, we affirm.

## I.    BACKGROUND

In 2005, a jury convicted Rice of making a materially false statement in connection with a loan application filed with the U.S. Department of Agriculture ("USDA"), *see* 18 U.S.C. § 1001, and of fraudulently concealing his withdrawal of pledged funds from a USDA supervised account, *see* 18 U.S.C. § 658. The district court sentenced Rice to six months' home confinement, five years' probation, and restitution in the amount of $38,710.78. We affirmed. *See United States v. Rice*, 449 F.3d 887, 898 (8th Cir. 2006).

On August 22, 2008, the United States filed an application for a writ of garnishment, seeking to seize and sell grain belonging to Rice that was being stored at the Farmers Cooperative Company. Rice filed a response, arguing that the grain was exempt from garnishment because (1) D & R Cattle, not Rice, owned the grain; (2) Rice and his wife as joint partners, not Rice individually, owned the grain; (3) the grain was marital property, rather than the property of Rice individually; and (4) the grain was livestock feed and therefore exempt from garnishment under state law. The district court rejected these arguments because Rice provided no evidence to support them.

On appeal, Rice does not challenge the district court's conclusion that Rice failed to provide evidentiary support for any of these arguments. Instead, Rice claims that the district court should have declined jurisdiction over the garnishment proceedings sua sponte for two reasons. Rice's first argument stems from a separate administrative action in which the USDA sought to collect on defaulted loans made to Rice. Rice argues that because an administrative appeal of that action is pending,

the district court should have stayed the garnishment proceeding on the restitution order under the doctrine of primary jurisdiction. In his second argument, Rice notes that he has appealed a state foreclosure action on his farm in which he is arguing that the junior lienholders, including the USDA, had their interests extinguished and that therefore the proceeds paid to those lienholders should be returned to him. He argues that, under *Colorado River*, the district court should have abstained from exercising jurisdiction based on the pending state court foreclosure proceeding.

## II.    DISCUSSION

We review the issue of primary jurisdiction de novo. *United States v. Henderson*, 416 F.3d 686, 691 (8th Cir. 2005).[2] Primary jurisdiction "is a doctrine specifically applicable to claims properly cognizable in court that contain some issue within the special competence of an administrative agency. It requires the court to enable a 'referral' to the agency, staying further proceedings so as to give the parties reasonable opportunity to seek an administrative ruling." *Reiter v. Cooper*, 507 U.S. 258, 268 (1993). The doctrine "is concerned with promoting proper relationships between the courts and administrative agencies charged with particular regulatory duties." *United States v. W. Pac. R.R. Co.*, 352 U.S. 59, 63 (1956). Primary jurisdiction "promotes uniformity, consistency, and the optimal use of the agency's expertise and experience." *Henderson*, 416 F.3d at 691.

Rice has not identified any issue relating to the garnishment order that is "within the special competence of an administrative agency." *See Reiter*, 507 U.S. at 268. Rice claims that if he is successful on his administrative appeal, the Government

[2]The Government argues that plain error review, or even waiver, is appropriate, because Rice failed to raise this issue before the district court. Because courts of appeals may raise issues of abstention sua sponte, *Cincinnati Indem. Co. v. A & K Constr. Co.*, 542 F.3d 623, 625 (8th Cir. 2008), and because our conclusion would be the same under either plain error or de novo review, we will review the issue de novo.

could then use the funds currently seized as part of the administrative process to satisfy Rice's restitution obligation in this case. This takes far too broad a view of the doctrine of primary jurisdiction. The doctrine targets *issues*, and the district court's garnishment order did not decide any issue on which an administrative ruling would be appropriate, much less one suited to the "expert and specialized knowledge of the [agency]." *See W. Pac. R.R. Co.*, 352 U.S. at 64. Indeed, there is no issue that the district court possibly could "refer" to the administrative agency under the primary jurisdiction doctrine. *See Reiter*, 507 U.S. at 268 & n.3. Therefore, Rice's reliance on the doctrine of primary jurisdiction is misplaced.

We review a district court's decision whether to abstain from exercising jurisdiction under *Colorado River* for an abuse of discretion. *See Fru-Con Const. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 534 (8th Cir. 2009).[3] *Colorado River* abstention arises in limited "situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts." *Colorado River*, 424 U.S. at 817. Rice makes no claim about a concurrent federal court proceeding. Thus, as a necessary premise of *Colorado River* abstention, "there must be pending parallel state and federal court proceedings before *Colorado River* is implicated." *Fru-Con Constr. Corp.*, 574 F.3d at 535. Even then, "[u]nder the standard articulated in *Colorado River*, a federal court should only abstain from a case in which there are parallel state proceedings for 'exceptional circumstances.'" *Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 792 (8th Cir. 2008) (quoting *Colorado River*, 424 U.S. at 813).

The Government was a junior lienholder in Rice's farm when it was sold at a sheriff's sale as a result of a state foreclosure proceeding. In state court, Rice is arguing that the USDA was not entitled to a share of the sale proceeds because the

---

[3]We again set aside Rice's failure to raise this issue before the district court, applying our normal standard of review. *See supra* n.2.

junior lienholders' interests were extinguished. In this appeal, Rice argues that the pending state foreclosure proceeding is "parallel" because, as before, should Rice obtain a favorable resolution on appeal, the Government would possess alternative funds from which Rice's restitution obligation could be satisfied. While "[t]he prevailing view is that state and federal proceedings are parallel for purposes of *Colorado River* abstention when substantially similar parties are litigating substantially similar issues in *both* state and federal court . . . [,] [t]his circuit requires more precision." *Fru-Con Constr. Corp.*, 574 F.3d at 535. "[A] substantial similarity must exist between the state and federal proceedings, which similarity occurs when there is a substantial likelihood that the state proceeding will fully dispose of the claims presented in the federal court." *Id.*

The state foreclosure proceeding involving Rice's farm is not "parallel" to the garnishment proceeding in his criminal case. Rice's appeal in the foreclosure action challenges whether certain junior lienholders' interests were extinguished, while this garnishment action addresses ownership of stored grain. Thus, the parties are not "litigating substantially similar issues," and the state foreclosure action cannot "fully dispose of the claims presented in the federal court." *See id.* As with the primary jurisdiction question, federal courts need not stay their hand based on the mere fact that a successful appeal before another body could result in a separate source of funds from which a federal restitution obligation might be paid. The district court did not abuse its discretion in not deciding sua sponte to abstain from exercising jurisdiction under *Colorado River*.

## III.  CONCLUSION

For the foregoing reasons, we affirm.

_____