# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-2971

_____

Nissan North America, Inc.

*Plaintiffs - Appellant*

v.

Wayzata Nissan, LLC

*Defendants - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: May 13, 2015
Filed: July 2, 2015

_____

Before RILEY, Chief Judge, MURPHY and MELLOY, Circuit Judges.

_____

MURPHY, Circuit Judge.

Nissan North America, Inc. (Nissan) filed this action in the federal district court[1] seeking a declaratory judgment that its new dealership in Eden Prairie, Minnesota did not infringe the statutorily protected "relevant market area" of Wayzata

---

[1] The Honorable David S. Doty, United States District Judge for the District of Minnesota.

Nissan, LLC (Wayzata). Wayzata then sued Nissan in state court, alleging that the establishment of the new dealership in Eden Prairie violated Minn. Stat. Ann. § 80E, and moved to dismiss this federal action. The district court granted the motion to dismiss, and Nissan appeals. We affirm.

Eighteen years after Nissan and Wayzata entered into an agreement which established Wayzata as an authorized Nissan dealer, Nissan informed Wayzata that it intended to establish a new dealership in Eden Prairie, eight miles from Wayzata. Nissan then brought this action in the federal district court, requesting a declaratory judgment that the Eden Prairie dealership neither violated their dealer agreement nor infringed Wayzata's "relevant market area" under Minn. Stat. Ann. § 80E.14. One month later, Wayzata sued Nissan in Minnesota state court, alleging the new dealership violated its dealer agreement and § 80E.14, and moved to dismiss this action for lack of subject matter jurisdiction. The district court granted the motion to dismiss after concluding that the parties were not diverse under 28 U.S.C. § 1332. Nissan appeals.

A district court may dismiss or stay a declaratory judgment action when it determines that the question in controversy would be better handled in state court. See Royal Indem. Co. v. Apex Oil Co., 511 F.3d 788, 793 (8th Cir. 2008). The state court proceeding "must present the same issues, not governed by federal law, between the same parties, and the federal court must evaluate whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding [and] whether necessary parties have been joined." Id. at 796 (quoting Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 495 (1942)).

In Cincinnati Indem. Co. v. A & K Constr. Co., an indemnity company filed a federal action for a judgment declaring that an employee of a construction company had not been working when he was injured. 542 F.3d 623, 624 (8th Cir. 2008). The indemnity company sued in state court as well, requesting interpretation of the same

insurance policy. Although the trial court dismissed the federal action for lack of jurisdiction, we vacated its judgment and remanded the case given the court's failure to abstain "from exercising jurisdiction in [a] declaratory case where a parallel state lawsuit is pending." Id. at 625. We reasoned that "the parties and the issues [were] identical," state law governed, and the state proceeding was "adequate to resolve the issues." Id.

We reach a similar conclusion here. This action and the state court action both seek a declaration as to whether the establishment of the Eden Prairie Nissan dealership violated the Nissan dealer agreement or infringed Wayzata's "relevant market area" under Minn. Stat. Ann. § 80E.14. All parties in this case are named in the state court action, all necessary parties have been joined there, and the state proceeding is adequate to resolve the issues of state law presented by the parties. See Cincinnati Indem. Co., 542 F.3d at 625. The questions in controversy will therefore be better settled in the pending state court case. See id.

While Nissan argues that the federal district court never considered whether or not to abstain, "dismissal for lack of subject matter jurisdiction may be affirmed on abstention grounds" even if a trial court has failed to consider that alternative. See Cincinnati Indem. Co., 542 F.3d at 625 (citing Martin Ins. Agency, Inc. v. Prudential Reinsurance Co., 910 F.2d 249, 254–55 (5th Cir. 1990)); see also United States v. Rice, 605 F.3d 473, 475 n.2 (8th Cir. 2010). Because it would be duplicative and uneconomical for our federal courts to decide a case substantially similar to one which has been pending for over a year in state court, we affirm the judgment dismissing this action. See Martin Ins. Agency, Inc., 910 F.2d at 255; cf. Capitol Indem. Corp. v. Haverfield, 218 F.3d 872, 874–75 (8th Cir. 2000).

For these reasons, we affirm the judgment of the district court.

_____