# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2633

_____

| | | |
|---|---|---|
| Scottsdale Insurance Company, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Arkansas. |
| | * | |
| Detco Industries, Inc., | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: April 13, 2005
Filed: October 20, 2005

_____

Before WOLLMAN, HANSEN, and BENTON, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Scottsdale Insurance Company (Scottsdale) appeals from the district court's dismissal of its declaratory judgment action. We reverse and remand.

## I.

The parties to this case are insurer Scottsdale and its insured, Detco Industries, Inc. (Detco). Detco is the named defendant in multiple class action lawsuits in Arkansas state court stemming from a 2004 explosion at its facility in Conway, Arkansas. Scottsdale is not a party to those lawsuits, and Scottsdale's obligations to Detco under the insurance policies are not at issue in those actions. After the

commencement of the state court actions, Scottsdale sought a federal declaratory judgment that it was not obligated to defend or indemnify Detco in the state court actions. Detco asserted that abstention was warranted and moved to dismiss Scottsdale's action. It is from the grant of that motion that Scottsdale now appeals.

## II.

We review for abuse of discretion a decision to stay or dismiss a declaratory judgment. See Capitol Indem. Corp. v. Haverfield, 218 F.3d 872, 874 (8th Cir. 2000).

Generally, a federal district court must exercise its jurisdiction over a claim unless there are "exceptional circumstances" for not doing so. Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16–19 (1983); Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 818 (1976). In Wilton v. Seven Falls Co., however, the Supreme Court held that a federal district court has much broader discretion in determining whether to exercise jurisdiction in a declaratory judgment action during the pendency of parallel state court proceedings. 515 U.S. 277, 282–90 (1995). The Wilton Court expressly limited its holding to those instances in which parallel proceedings are pending in state court, stating that it was "not attempt[ing] at this time to delineate the outer boundaries of [the district court's] discretion in other cases, for example, cases raising issues of federal law or cases in which there are no parallel state proceedings." Id. at 290.

## III.

A threshold issue in this case is whether parallel proceedings were pending in state court at the time Scottsdale brought its declaratory judgment action. We review *de novo* the district court's determination of this issue. Ryan v. Johnson, 115 F.3d 193, 196 (3d Cir. 1997); see also Am. Guarantee & Liab. Ins. Co., 408 F.3d 248, 250 (5th Cir. 2005).

We conclude that the proceedings between Detco and various plaintiffs pending in state court are not parallel to the request for declaratory judgment pending in federal court. Suits are parallel if "substantially the same parties litigate substantially the same issues in different forums." New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am., 946 F.2d 1072, 1073 (4th Cir. 1991); see also Wilton, 515 U.S. at 290 (noting that parallel proceedings present an opportunity for ventilation of the same state law issues). Scottsdale is not a party to the suits pending in state court against Detco. Further, the state court actions do not involve "substantially the same issues" as the federal declaratory judgment action. New Beckley Mining Corp., 946 F.2d at 1073. The suits in state court involve issues regarding Detco's liability relating to the January 2005 fire and explosion at its facility, whereas the federal suit between Detco and Scottsdale involves matters of insurance coverage. Although, as the district court noted, the issues in each proceeding may depend on some of the same facts, that circumstance does not compel a conclusion that the suits are parallel, for the state court proceedings involve parties, arguments, and issues different from those in the federal court proceedings.

## IV.

We have not previously determined the extent of a federal district court's discretion in deciding whether to abstain from exercising jurisdiction over a declaratory judgment action in which there are no parallel state court proceedings.

As indicated above, the Supreme Court in Wilton adopted a broad discretionary standard governing a district court's determination whether to exercise jurisdiction over a declaratory judgment action in which there are parallel state court proceedings. The Court departed from the exceptional circumstances standard established in Colorado River Water Conservation District v. United States because "[d]istinct features of the Declaratory Judgment Act . . . justify a standard vesting district courts

with greater discretion in declaratory judgment actions."[1] Wilton, 515 U.S. at 286. In such a context, obligatory jurisdiction yields to considerations of practicality and wise judicial administration. Id. at 288. Under Wilton's broad discretionary standard, the district court should consider "the scope of the pending state court proceeding and the nature of defenses open there," including "whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, [and] whether such parties are amenable to process in that proceeding." Id. at 283 (citing Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 495 (1942)).

In Prudential Insurance Co. of America v. Doe, we made clear that the exceptional circumstances test does not apply in declaratory judgment actions. 140 F.3d 785, 789 (8th Cir. 1998). A federal court's obligation to exercise jurisdiction, however, "does not evaporate simply because there is a pending state court action involving the same subject matter." Federated Rural Elec. Ins. Corp. v. Arkansas Elec. Coops., Inc., 48 F.3d 294, 297 (8th Cir. 1995). Because there are no parallel state court proceedings here, the considerations of practicality and wise judicial administration that allow a district court greater discretion under Wilton are diminished.

A number of our sister circuits agree that the broad discretion granted in Wilton does not apply when there are no parallel state court proceedings. See, e.g., United States v. City of Las Cruces, 289 F.3d 1170, 1187 (10th Cir. 2002) (balancing factors

---

[1]We have applied Wilton's broad discretionary standard to declaratory judgment actions in which an insurer and an insured were also parties to an underlying state court proceeding. See, e.g., Capitol Indem. Corp. v. Haverfield, 218 F.3d 872, 875 (8th Cir. 2000) (federal and state actions "involved the same parties, the same issue, the same insurance policies, and the same arguments"). We have also found an abuse of discretion when the district court dismissed a declaratory judgment action without considering the presence of a federal question. See Verizon Communications, Inc. v. Inverizon Int'l, Inc., 295 F.3d 870, 873 (8th Cir. 2002).

more restrictive than those balanced in <u>Wilton</u>); <u>Scottsdale Ins. Co. v. Roumph</u>, 211 F.3d 964, 968 (6th Cir. 2000) (same); <u>Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.</u>, 139 F.3d 419, 422 (4th Cir. 1998) (per curium) (same). Most of these circuits agree that the exceptional circumstances test also does not apply where a declaratory **judgment** action is in question. These circuits have instead struck a balance between these two standards, allowing the federal district court some, but not complete, discretion in determining whether to dismiss or stay declaratory **judgment** actions when there are no parallel state court proceedings. In <u>Aetna Casualty & Surety Co.v. Ind-Com Electric Co.</u>, for example, the Fourth Circuit articulated a six-factor test to determine whether abstention by the district court would be appropriate in a declaratory judgment action in which there are no parallel state court proceedings. 139 F.3d at 422. According to the Fourth Circuit, the relevant factors to consider are: (1) whether the declaratory judgment sought "will serve a useful purpose in clarifying and settling the legal relations in issue"; (2) whether the declaratory judgment "will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the [federal] proceeding"; (3) "the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts"; (4) "whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending"; (5) "whether permitting the federal action to go forward would result in unnecessary 'entanglement' between the federal and state court systems, because of the presence of 'overlapping issues of fact or law'"; and (6) "whether the declaratory judgment action is being used merely as a device for 'procedural fencing'—that is, 'to provide another forum in a race for res judicata' or 'to achiev[e] a federal hearing in a case otherwise not removable.'" <u>Id.</u> (internal citations omitted). This test allows the district court greater discretion than the exceptional circumstances test, but less discretion than it would have under the <u>Wilton</u> standard. The Tenth and Sixth Circuits have adopted similar tests.[2]

---

[2]In <u>United States v. City of Las Cruces</u>, the Tenth Circuit weighed the following factors in determining that a district court did not abuse its discretion in declining to exercise jurisdiction over a declaratory judgment action when there were no parallel

We agree with our sister circuits that a federal district court is afforded greater discretion in determining whether to exercise jurisdiction over a declaratory judgment action than in other circumstances. We also agree that the district court's discretion is limited when no parallel proceedings are pending in state court, because in those circumstances there are less-pressing interests of practicality and wise judicial administration. For example, in the absence of parallel state court proceedings, it is less likely that "the claims of all parties in interest can satisfactorily be adjudicated" in the state court proceeding. Wilton, 515 U.S. at 283 (quoting Brillhart, 316 U.S. at 495). Accordingly, we conclude that the Fourth Circuit's six-factor test should be applied by the district court in determining whether to exercise jurisdiction over a declaratory judgment action.

## V.

Applying the six-factor test to the district court's ruling in the present case, we conclude that the district court erred in dismissing the declaratory judgment action.

The first and second factors weigh in favor of deciding the declaratory **judgment** action. The declaratory **judgment** would "clarify and settle" the legal

---

state court proceedings:
> (1) whether a declaratory action would settle the controversy; (2) whether it would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race to *res judicata*; (4) whether use of declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

289 F.3d 1170, 1187 (10th Cir. 2002). In Scottsdale Insurance Co. v. Roumph, the Sixth Circuit examined the same factors in concluding that the district court did not abuse its discretion in dismissing defendant's declaratory judgment action involving a previously undetermined question of state law. 211 F.3d 964, 968 (6th Cir. 2000).

relations at issue and would afford relief from the "uncertainty, insecurity, and controversy" between Scottsdale and Detco.

The third and fourth factors similarly support the conclusion that the district court should not have dismissed Scottsdale's action. The record does not identify any particular state interest in having the issues raised in the federal declaratory judgment action decided in state court. As Scottsdale points out, "[N]o Arkansas state court has been called upon to address the coverage issues," so "a determination of the coverage issues . . . by the district court would not conflict with" any state court determination in the underlying actions. Appellant's Reply Br. at 7. Additionally, in the absence of a pending parallel state court proceeding, judicial economy would be best served by deciding this action initially in the federal district court.

With respect to the fifth factor, allowing the federal action to go forward would not result in unnecessary entanglement between the federal and state court systems. Any common issues do not hinge on the same questions of law—the state action sounds in tort and the federal action in contract. Any overlapping issues of fact are insignificant. Detco argues, and the district court determined, that the state and federal actions share common issues of Scottsdale's duty to defend and indemnify Detco as to: (1) whether the state action plaintiffs suffered any physical injuries, (2) whether those injuries were caused by toxic chemicals from the explosion at Detco's plant (related to the pollution exclusion clause of the policy), and (3) whether the evidence supports an award of punitive damages. J.A. at 179. Under Arkansas law, however, the obligation of an insurer to defend a lawsuit brought against its insured can generally be determined by the allegations of the complaint against the insured, regardless of the truth or falsity of any of those allegations. See Mattson v. St. Paul Title Co. of the South, 641 S.W.2d 16, 18 (Ark. 1982). Accordingly, resolving whether Scottsdale has a duty to defend Detco is not dependent on any factual determinations that will be made in the state court proceeding. Whether Scottsdale has a duty to indemnify if Detco is ultimately found liable in the underlying suits

depends on more than the complaint against Detco. It does not, however, encompass the same factual determinations that will be made in the underlying state court proceedings. The facts at issue in the underlying suits revolve around whether the state action plaintiffs suffered physical injuries for which Detco is at fault. In contrast, the facts at issue in determining whether Scottsdale has a duty to indemnify Detco include whether the alleged injuries fall within the terms of the insurance policy. The resolution of this question requires factual determinations such as whether the alleged injuries fall within the policy's definitions of "bodily injury" or "property damage," whether the alleged injuries were caused by an "occurrence" that takes place in the "coverage territory," and whether any of the policy's exclusions apply. The state court plaintiffs' complaints and the insurance policy primarily determine these matters. Any factual overlap with respect to indemnification is insignificant and does not outweigh the other factors that favor the district court's exercising jurisdiction in the declaratory judgment action.

Finally, we examine whether Scottsdale used the declaratory judgment action as a "procedural fencing" device. At first blush, any overlapping factual disputes seem to implicate this factor. But Aetna Casualty & Surety Co. cautions against "a race for res judicata," *i.e.*, a race to invoke a prior judgment in litigation involving "the same cause of action and the same parties or their privies." Aetna Cas. & Sur. Co., 139 F.3d at 422; Lane v. Peterson, 899 F.2d 737, 742 (8th Cir. 1990). Accordingly, Aetna Casualty & Surety Co. contemplates the very real concern that although a parallel state proceeding may not exist at the time of the federal declaratory judgment action, a state action between the same parties may follow and be precluded by *res judicata*. In contrast, the potential that the federal declaratory judgment involving Detco and Scottsdale could be used for or against Detco in the state action with the third party plaintiffs is a different concern, akin to offensive or defensive collateral estoppel.[3]

---

[3]See United States v. Mendoza, 464 U.S. 154, 159 n.4 (1984) (explaining that "[o]ffensive use of collateral estoppel occurs when a plaintiff seeks to foreclose a defendant from relitigating an issue the defendant has previously litigated

<u>Aetna Casualty & Surety Co.</u>'s sixth factor does not encompass this concern. <u>Cf.</u> <u>Aetna Cas. & Sur. Co.</u>, 139 F.3d at 423 n.25 (observing that the insured filed a parallel state court proceeding after oral argument).

We conclude that because no factor of the test we adopt weighs in favor of the dismissal of the declaratory judgment action, the district court abused its discretion in taking such action.

The judgment is reversed, and the case is remanded to the district court for further proceedings consistent with this opinion.

_____

unsuccessfully in another action against the same or a different party" and that "[d]efensive use of collateral estoppel occurs when a defendant seeks to prevent a plaintiff from relitigating an issue the plaintiff has previously litigated unsuccessfully in another action against the same or a different party").