# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-2273

_____

GEICO Casualty Company

*Plaintiff - Appellee*

v.

Christina Isaacson; Blake Isaacson

*Defendants*

Kelly Rice, Individually and in her capacity as Class 1 beneficiary and
representative of all statutory beneficiaries, pursuant to R.S. Mo. Section
537.080.1, with respect to claims arising from the wrongful death of Macie Rice

*Defendant - Appellant*

Brian Isaacson

*Defendant*

K. M., a minor, by and through her parent and guardian ad litem, Aimee Mershon-Greer

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 17, 2019
Filed: August 2, 2019

_____

Before COLLOTON, GRUENDER, and ERICKSON, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Kelly Rice and K.M. appeal the district court's[1] order granting summary judgment to GEICO. We affirm.

In 2016, Blake Isaacson lost control of a Ford Focus. Passenger Macie Rice died in the accident, and passenger K.M. was injured. GEICO insured the vehicle through an automobile liability insurance policy. The policy's declaration page identifies Blake's parents, Brian and Christina Isaacson, as the "Named Insured" and Blake as an "Additional Driver." The policy provides a bodily injury liability limit of $100,000 for "each person" and $300,000 for "each occurrence," and a "Limits of Liability" clause dictates that these amounts are the total limits of bodily injury liability coverage. The policy lists two other covered vehicles besides the Ford Focus involved in the accident and explains that "the limit of coverage applies separately to each [vehicle]." In addition, the policy contains an "Other Insurance" provision stating that "[a]ny insurance we provide for losses arising out of the ownership, maintenance, or use of a vehicle *you* do not own shall be excess over any other valid and collectible insurance."

While a wrongful death action was pending in state court, GEICO, Blake Isaacson, and Macie Rice's mother, Kelly Rice ("Rice"), reached a partial settlement

_____

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

-2-

under which GEICO agreed to pay $100,000 to Rice, and Rice agreed to limit her collection efforts on any subsequent judgment to sources other than Blake Isaacson. The agreement acknowledged that the parties dispute the total liability insurance available under the policy "and whether the other liability coverage stacks for the other vehicles listed on the Declaration Pages."[2] A Missouri circuit court approved the partial settlement, and Rice's wrongful death action proceeded.

The next day, GEICO filed a declaratory judgment action in the United States District Court for the Western District of Missouri against Rice and the Isaacsons to resolve the outstanding stacking question. After reaching a similar settlement with K.M. limiting her collection efforts to sources other than Blake Isaacson, GEICO amended its complaint and added K.M. as an additional defendant. GEICO moved for summary judgment on December 27, 2017. The parties completed briefing on the summary judgment motion on January 30, 2018, though Rice and K.M. moved for an extension of time to conduct discovery on whether GEICO had agreed to pay stacked liability limits based on similar policy language in the past.

Meanwhile, the Missouri state court entered judgment in favor of Kelly Rice on her wrongful death claim on January 24, 2018. After that judgment became final, Rice and K.M. filed an equitable garnishment and declaratory judgment action in Missouri state court on March 1, 2018. The state court suit raised the same stacking issue as the federal action, as well as other issues. That same day, Rice and K.M. moved to dismiss GEICO's federal action, arguing that the district court should abstain to allow the state court to decide the state law stacking issue. *See Brillhart*

---

[2] "'Stacking' refers to an insured's ability to obtain multiple insurance coverage benefits for an injury either from more than one policy, as where the insured has two or more separate vehicles under separate policies, or from multiple coverages provided for within a single policy, as when an insured has one policy which covers more than one vehicle." *Niswonger v. Farm Bureau Town & Country Ins. Co. of Mo.*, 992 S.W.2d 308, 313 (Mo. Ct. App. 1999).

*v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942) (explaining that district courts have discretion over whether to exercise jurisdiction in declaratory judgment suits and setting forth reasons to refrain from exercising jurisdiction in favor of parallel state court proceedings); *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) (reaffirming *Brillhart*).

On May 24, 2018, the district court granted GEICO's motion for summary judgment on its declaratory judgment claim, and it denied Rice and K.M.'s motion for an extension of time. The district court never addressed Rice and K.M.'s motion to dismiss the federal action in favor of the state court proceeding.

On appeal, Rice and K.M. first argue that the district court's failure to rule on their motion to dismiss under the *Brillhart*/*Wilton* abstention doctrine requires reversal. "Generally, a federal district court must exercise its jurisdiction over a claim unless there are 'exceptional circumstances' for not doing so." *Scottsdale Ins. Co. v. Detco Indus.*, 426 F.3d 994, 996 (8th Cir. 2005). But "a federal district court has much broader discretion in determining whether to exercise jurisdiction in a declaratory judgment action during the pendency of parallel state court proceedings." *Id.* (citing *Wilton*, 515 U.S. at 282-90). Two proceedings are parallel if—as we assume to be the case here—"substantially the same parties litigate substantially the same issues in different forums." *Id.* at 997; *see also Lexington Ins. Co. v. Integrity Land Title Co.*, 721 F.3d 958, 968 (8th Cir. 2013). When there is a federal declaratory judgment action and a parallel state court proceeding, "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 288. In such situations, federal courts should avoid "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation." *Brillhart*, 316 U.S. at 495. Rendering a declaratory judgment where there are parallel state court proceedings and no issues of federal law would "[o]rdinarily . . . be uneconomical as well as vexatious." *Id.*

Rice and K.M argue that the district court's failure to address their motion to dismiss prevents us from reviewing whether the district court properly acted within its broad discretion in deciding to issue a declaratory judgment. When a district court fails to address a matter properly presented to it, we ordinarily remand to give the court an opportunity to rule in the first instance. *See, e.g.*, *O'Neil v. City of Iowa City, Iowa*, 496 F.3d 915, 918 (8th Cir. 2007). But we have refrained from remanding in cases where it is unnecessary on the record before us. *See, e.g.*, *Cunningham v. Apfel*, 222 F.3d 496, 503 (8th Cir. 2000).

We conclude that a remand is unnecessary here. As we will explain, the insurance policy unambiguously does not allow stacking under Missouri law—the key issue common to both proceedings. Moreover, GEICO's motion for summary judgment was fully briefed by the time that Rice and K.M. brought their declaratory judgment action in Missouri state court. While they suggest that GEICO engaged in a race to the courthouse by bringing the declaratory judgment action, the original settlement expressly acknowledged the dispute over stacking. Thus, we see nothing improper in GEICO's decision to file a declaratory judgment action promptly to resolve an outstanding issue, even if Rice and K.M. understandably chose to wait until they obtained a wrongful death judgment before raising the issue in state court. Because the motion for summary judgment was fully briefed by the time the state court action was filed and did not present complicated issues of state law, the considerations of practicality, wise judicial administration, and economy identified by the Supreme Court in *Brillhart* and *Wilton* support the district court's decision to grant a declaratory judgment.

Besides, we have explained that "it is relatively uncommon for reviewing courts to find discretion abused when a district court elects to exercise jurisdiction" and that "when such abuses are found, there typically are distinguishing factors." *Lexington*, 721 F.3d at 972. In *Capitol Indemnity Corp. v. Haverfield*, for example, we concluded that the district court abused its discretion in issuing a declaratory

judgment because the state courts disagreed on the state law question at issue in the declaratory judgment action and the district court had to resolve the split. 218 F.3d 872, 875 (8th Cir. 2000). Because GEICO's run-of-the-mill federal declaratory judgment action lacks such a "distinguishing factor[]," remanding to the district court serves no useful purpose here.

Next, Rice and K.M. argue that the district court erred in granting summary judgment to GEICO on the stacking question. "We review the district court's interpretation of an insurance policy and its grant of summary judgment de novo." *Jordan v. Safeco Ins. Co. of Ill.*, 741 F.3d 882, 884 (8th Cir. 2014). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Rice and K.M. argue that the policy can be read to permit stacking, allowing them to obtain the combined liability limits for each of the three vehicles listed on the declarations page. While they agree that the policy generally prohibits stacking, they argue that the "Other Insurance" clause can be read to permit stacking because it states that any insurance "for losses arising out of the . . . use of a vehicle *you* do not own shall be excess over any other valid and collectible insurance." Because Blake Isaacson did not own the Ford Focus involved in the accident, Rice and K.M. maintain that the "Other Insurance" provision creates an ambiguity that must be construed in their favor.

We disagree. The automobile liability insurance policy at issue in this case unambiguously prohibited the stacking of liability coverage in the situation presented here. When interpreting an insurance policy governed by Missouri law, we are bound by the decisions of the Missouri Supreme Court. *Burger v. Allied Prop. & Cas. Ins. Co.*, 822 F.3d 445, 447 (8th Cir. 2016). "If the Supreme Court of Missouri has not addressed an issue, we must predict how the court would rule, and we follow

decisions from the intermediate state courts when they are the best evidence of Missouri law." *Barfield v. Sho-Me Power Elec. Coop.*, 852 F.3d 795, 799 (8th Cir. 2017).

The Missouri Court of Appeals addressed a similar stacking argument in *Chandler v. Allied Property & Casualty Insurance Co.*, 443 S.W.3d 662 (Mo. Ct. App. 2014). Like Rice and K.M., Chandler argued that she should be permitted to stack three separate $50,000 liability limits and recover a total sum of $150,000. *Id.* at 668. Despite otherwise clear limits on liability, Chandler claimed that the policy's "Other Insurance" clause introduced an ambiguity because it referred to "a vehicle you do not own." *Id.* In rejecting this argument, the Missouri Court of Appeals explained that "'other collectible insurance' must exist before the 'Other Insurance' provision is triggered." *Id.* It endorsed "the general principle that '[b]efore stacking can be an issue, there must first be applicable coverages to stack.'" *Id.* at 668-69 (alteration in original). Because Chandler failed to identify "other collectible insurance" that applied to the accident, the "Other Insurance" provision was not "triggered," and the court refrained from considering the "hotly contest[ed]" meaning of the phrase "a vehicle you do not own" appearing within the "Other Insurance" clause. *Id.*

Rice and K.M.'s arguments concerning stacking fail for the same reasons. The "Conditions" provision clearly states that "[i]f this policy covers two or more autos, the limit of coverage applies separately to each," and the only covered vehicle involved in the accident is the Ford Focus. Its policy limits are $100,000 for "each person" and $300,000 for "each occurrence." Thus, the only collectible insurance available under the policy is the $100,000 for "each person" and $300,000 for "each occurrence" listed for the Ford Focus. Under *Chandler*, we look to the "Other Insurance" provision only if a claimant first identifies "other collectible insurance." Because Rice and K.M. have not done so, the "Other Insurance" provision is not

"triggered" and does not introduce an ambiguity into the policy. As in *Chandler*, we need not interpret the meaning of the phrase "a vehicle ***you*** do not own."

Rice and K.M. nonetheless point to a line of Missouri cases permitting stacking and argue that they show that stacking is warranted here. *See Niswonger*, 992 S.W.2d 308; *Ritchie v. Allied Prop. & Cas. Ins. Co.*, 307 S.W.3d 132 (Mo. 2009); *Durbin v. Deitrick*, 323 S.W.3d 122 (Mo. Ct. App. 2010). While those cases did treat similar policy language as ambiguous, they are distinguishable because they involved either underinsured motorist coverage or multiple policies. *Chandler* is a more recent case that rejected stacking of bodily injury liability coverage within a single policy. *See Chandler*, 443 S.W.3d at 666 n.1. Thus, we disagree with Rice and K.M. that *Niswonger*, *Ritchie*, and *Durbin* show that the "next logical step" is to permit stacking for bodily injury liability coverage on a single policy.

Finally, Rice and K.M. argue that the district court erred in denying their motion for an extension of time to conduct discovery under Federal Rule of Civil Procedure 56(d). A district court has "wide discretion" in considering a Rule 56(d) motion. *Toben v. Bridgestone Retail Operations, LLC*, 751 F.3d 888, 895 (8th Cir. 2014). Rice and K.M. contend that they should have been permitted to conduct discovery about GEICO's handling of similar policy language in the past. But as we have explained, the policy at issue here is unambiguous, and Missouri law does not permit courts to consider extrinsic evidence in interpreting an unambiguous contract. *See Cromeans v. Morgan Keegan & Co.*, 859 F.3d 558, 566 (8th Cir. 2017) (citing *Health Care Found. of Greater Kan. City v. HM Acquisition, LLC*, 507 S.W.3d 646, 661 (Mo. Ct. App. 2017)). Thus, the district court did not abuse its discretion in refusing to permit Rice and K.M to conduct discovery.

For all these reasons, we affirm the district court's judgment.

_____