# United States Court of Appeals

### For the Eighth Circuit

———————————————

No. 25-1265

———————————————

General Star Indemnity Company

*Plaintiff - Appellee*

v.

Toy Quest Ltd.; Chan Ming Yiu, also known as Samson Chan; Chan Siu Lun, also known as Alan Chan; Liu Yi Man, also known as Lisa Liu

*Defendant*s

ASI, Inc.

*Defendant - Appellant*

———————————————

No. 25-1284

———————————————

General Star Indemnity Company

*Plaintiff - Appellee*

v.

Toy Quest Ltd.; Chan Ming Yiu, also known as Samson Chan; Chan Siu Lun, also known as Alan Chan; Liu Yi Man, also known as Lisa Liu

*Defendants - Appellants*

ASI, Inc.

*Defendant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: October 22, 2025
Filed: March 17, 2026

_____

Before GRUENDER, STRAS, and KOBES, Circuit Judges.

_____

KOBES, Circuit Judge.

General Star Indemnity Company sold Toy Quest Ltd. a policy insuring personal injury arising out of malicious prosecution. When ASI, Inc. sued Toy Quest in Minnesota federal district court for abuse of process, General Star agreed to defend Toy Quest under reservation of rights. General Star then separately filed this lawsuit, seeking a declaratory judgment that it has no duty to defend Toy Quest against the ASI claim. The district court[1] granted General Star's motion for judgment on the pleadings.

Toy Quest and ASI appeal, arguing (1) the district court should have abstained from deciding this case while the first lawsuit played out, (2) the policy covers Toy Quest's defense against ASI's abuse of process claim, and (3) California law rather than Minnesota law applies. We affirm the judgment and deny Toy Quest's motions to certify the coverage issue to the Minnesota Supreme Court and to disqualify ASI's counsel.

_____

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

I.

We first address Toy Quest's argument that the district court should have abstained from deciding the coverage issue until ASI's abuse-of-process claim was resolved. Although a federal district court generally must exercise its jurisdiction, it has "broader discretion" to abstain from declaratory judgment actions that overlap with pending state court claims. *Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 996 (8th Cir. 2005). Toy Quest says abstention was appropriate here under either *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491, 495 (1942) (discussing abstention factors for courts to consider when there is a parallel state court proceeding) or *Scottsdale*, 426 F.3d at 998–99 (listing abstention factors for courts to consider when there is a non-parallel state court proceeding).

*Brillhart* does not apply because the two cases are not parallel. *See Scottsdale*, 426 F.3d at 997 (no parallel proceeding where the underlying state action disputed the insured's liability, rather than coverage, and the insurer is not a party to the state action). We question whether *Scottsdale* applies since these are both federal cases. *See Int'l Ass'n of Entrepreneurs of Am. v. Angoff*, 58 F.3d 1266, 1271 (8th Cir. 1995) ("[T]here is no need for abstention unless the state and federal courts have concurrent jurisdiction of an issue or case."); 17A *Wright & Miller's Federal Practice & Procedure* § 4247 (3d ed. 2025) (explaining that "[i]f a *state* action is already pending . . . a federal court may refuse to entertain a declaratory judgment action" (emphasis added)). But even if it does apply, the district court did not abuse its discretion. *Scottsdale*, 426 F.3d at 996 (standard of review). Three of *Scottsdale*'s factors assume a state court action and federalism interests that are not present when there is no state lawsuit; the remaining three focus on "interests of practicality" and res judicata concerns that the court properly found weighed in favor of exercising its jurisdiction. *Id.* at 998–99; *see id*. at 1000 (finding no factors weighed in favor of dismissing a declaratory judgment action that affected coverage in non-parallel liability action).

-3-

## II.

We consider next whether the insurance policy extends to abuse of process claims. We review the grant of judgment on the pleadings *de novo*, *DeGeer v. Union Pac. R.R.*, 113 F.4th 1035, 1039 (8th Cir. 2024) (standard of review), and apply Minnesota law, *Source Food Tech., Inc. v. U.S. Fid. & Guar. Co.*, 465 F.3d 834, 836 (8th Cir. 2006) (applying state law in diversity action). General Star's policy provides coverage for personal injury arising out of:

> (a) False arrest, detention or imprisonment;
> (b) Malicious prosecution;
> (c) The wrongful eviction from, wrongful entry into, or invasion, of the right of private occupancy . . . ;
> (d) Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or service; or
> (e) Oral or written publication of material, in any manner, that violates a person's right of privacy.

Policy terms are interpreted "according to both [their] 'plain, ordinary sense' and 'what a reasonable person in the position of the insured would have understood the words to mean.'" *Midwest Fam. Mut. Ins. Co. v. Wolters,* 831 N.W.2d 628, 636 (Minn. 2013) (citation omitted). Minnesota courts consider a policy's terms "in the context of the entire contract" and refuse to "read an ambiguity into the plain language of a policy in order to provide coverage." *Eng'g & Constr. Innovations, Inc. v. L.H. Bolduc Co.*, 825 N.W.2d 695, 705 (Minn. 2013) (citations omitted). They follow "[t]he well-recognized rule of 'expressio unius est exclusio alterius,'" which "provides that the expression of specific things in a contract implies the exclusion of all not expressed." *Weber v. Sentry Ins.*, 442 N.W.2d 164, 167 (Minn. Ct. App. 1989) (citing *Anderson v. Twin City Rapid Transit Co.*, 84 N.W.2d 593, 175 (Minn. 1957)); *see also Cincinnati Ins. Co. v. Rymer Cos.*, 41 F.4th 1026, 1031 (8th Cir. 2022) (applying the rule to interpret a Minnesota insurance contract).

Applying these principles, we find that a reasonable person in Toy Quest's position would not think malicious prosecution coverage extends to abuse of process claims. General Star's policy listed specific torts and coverage for personal injury arising from them: false arrest, detention, imprisonment, malicious prosecution, wrongful eviction, slander, libel, and invasion of privacy. Malicious prosecution and abuse of process are distinct torts, *see Dunham v. Roer*, 708 N.W.2d 552, 571 n.5 (Minn. Ct. App. 2006), and the express coverage for malicious prosecution implies that abuse of process is not covered under the policy, *see Parker Supply Co. v. Travelers Indem. Co.*, 588 F.2d 180, 182–83 (5th Cir. 1979) (where state law viewed the torts as separate actions, "the policies' reference to the offense of 'malicious prosecution' was not ambiguous and only a suit against [the insured] for that offense would have created an obligation for the insurers to defend and indemnify"); *Westminster Am. Ins. Co. v. Spruce 1530, LLC*, 853 F. App'x 793, 796 (3d Cir. 2021) (similar); *Travelers Indem. Co. of Conn. v. Univ. Hall Condo. Owners Ass'n*, No. 18-2551, 2020 WL 1508907, at *4 (D.D.C. 2020) (interpreting a similar insurance provision and finding that because the two torts were distinct under state law, coverage did not apply); *cf. Carolina Cas. Ins. Co. v. Nanodetex Corp.*, 733 F.3d 1018, 1024–25 (10th Cir. 2013) (a reasonable insured would not think a policy's express exclusion of a legal term like malicious prosecution would also exclude malicious abuse of process).

ASI counters that a complaint can trigger coverage without specifically alleging a count of malicious prosecution. *See Remodeling Dimensions, Inc. v. Integrity Mut. Ins. Co.*, 819 N.W.2d 602, 616 (Minn. 2012) (duty to defend arises if part of the underlying suit is "arguably within the scope of coverage" (citation omitted)). But the complaint still must allege facts that could give rise to a covered claim. *Id.* (duty to defend "is determined by comparing the language of the allegations in the underlying complaint to the relevant language in the insurance policy"). ASI says the same facts that support its abuse of process claim—Toy Quest's intervention in a separate garnishment proceeding—could support a malicious prosecution claim. We don't think so. A malicious prosecution claim requires that the challenged action was (1) "brought without probable cause or

-5-

reasonable belief that the plaintiff would ultimately prevail on the merits"; (2) "instituted and prosecuted with malicious intent"; and (3) "terminate[d] in favor of the [defendant]." *Dunham*, 708 N.W.2d at 569 (citation omitted). ASI's underlying complaint alleges that Toy Quest filed a "frivolous opposition" in a garnishment proceeding and entered an appearance in that proceeding with the ulterior motive of helping conceal assets. But it does not allege that Toy Quest "brought" or "instituted" an action. *Id.* Nor does it allege that the underlying action terminated in ASI's favor.[2] Without these allegations, General Star's duty to defend was not triggered by ASI's abuse of process claim.

Toy Quest argues we must consider whether ambiguity exists from "the viewpoint of a layperson, not a lawyer," *Mut. Serv. Cas. Ins. v. Wilson Twp.*, 603 N.W.2d 151, 153 (Minn. Ct. App. 1999), and that a lay person would not understand "malicious prosecution" is a tort or has elements. But as we already noted, Minnesota interprets policy terms according to their "plain and ordinary meaning," *Midwest Fam. Mut. Ins. Co.*, 831 N.W.2d at 636 (Minn. 2013) (citation omitted), and the dictionary defines "prosecute" as "to bring legal action . . . to institute and carry on a legal suit." Merriam-Webster's Collegiate Dictionary 1274 (12th ed. 2026). Toy Quest's filing of an opposition in an already-filed proceeding (*i.e.*, a legal action or proceeding that has already been brought and instituted) does not fit the ordinary, plain, or popular meaning of "prosecution," and we do not think a layperson would believe otherwise.

III.

Lastly, ASI argues that the district court should have applied California law. Where there is no actual conflict between state laws, "there is no choice of law issue." *Vetter v. Sec. Cont'l Ins. Co.*, 567 N.W.2d 516, 522 (Minn. 1997); *Eggleton*

---

[2]While the complaint does not say anything about the resolution of the garnishment proceeding, the parties agree that it has been administratively closed pending resolution of the underlying ASI action, at which point it may be reopened. This is not a termination in ASI's favor.

*v. Plasser & Theurer Exp. Von Bahnbaumaschinen Gesellschaft, MBH*, 495 F.3d 582, 585 (8th Cir. 2007) (applying forum state's choice of law rules). California's Supreme Court has not decided whether malicious prosecution coverage encompasses abuse of process claims. Like Minnesota, California courts view "[a]buse of process [as] distinct from the tort of malicious prosecution," *Maleti v. Wickers*, 298 Cal. Rptr. 3d 284, 325 (Cal. Ct. App. 2022), and apply the maxim "expressio unius est exclusio alterius," *Stephenson v. Drever,* 947 P.2d 1301, 1305 (Cal. 1997). California would likely agree with the "majority of other courts to have considered the issue" and find that "abuse of process claims are not covered under insurance policies that cover only malicious prosecution claims." *Travelers*, 2020 WL 1508907, at *5 (collecting cases).

ASI insists that California would follow the Ninth Circuit's decision in *Lunsford v. American Guarantee & Liability Insurance Co.*, 18 F.3d 653 (9th Cir. 1994). *Lunsford* is not binding on the California Supreme Court, *see People v. Thomas*, 523 P.3d 323, 376 (Cal. 2023), and we think California would follow the case's better-reasoned district court opinion. *Lunsford v. Am. Guar. & Liab. Ins. Co.*, 775 F. Supp. 1574, 1579 (N.D. Cal. 1991) (explaining that "insurance policies providing coverage for malicious prosecution do not likewise encompass claims for abuse of process"), *aff'd in part, rev'd in part*, 18 F.3d 653 (9th Cir. 1994); *see also Travelers*, 2020 WL 1508907 at *5 (noting *Lunsford* represents the minority view); *Hinkle v. State Farm Fire & Cas. Co.*, 308 P.3d 1009, 1015 (N.M. Ct. App. 2013) (collecting cases contrary to *Lunsford*). "[B]ecause the choice of one state's law over another does not create an actual conflict, there is no choice of law issue." *Vetter*, 567 N.W.2d at 521–22.

IV.

The judgment is affirmed. We deny Toy Quest's request for certification. *Saunders v. Thies*, 38 F.4th 701, 717 (8th Cir. 2022) (certification "is by no means obligatory . . . the choice instead rests in the sound discretion of the federal court." (cleaned up) (citing *McKesson v. Doe*, 592 U.S. 1, 5 (2020) (per curiam))). We also

deny as untimely Toy Quest's motion to disqualify ASI's counsel. Toy Quest learned in 2022 that the law firm representing ASI and a partner at that firm had ownership interests in ASI, which it claims was a violation of Minnesota Rule of Professional Conduct 1.8(i): "A lawyer shall not acquire a proprietary interest in the cause of action or subject matter of litigation the lawyer is conducting for a client." That Toy Quest only recently discovered the full extent of the law firm's involvement does not excuse its three-year delay in bringing this motion. *See Cent. Milk Producers Co-op. v. Sentry Food Stores, Inc.*, 573 F.2d 988, 992 (8th Cir. 1978) ("A motion to disqualify should be made with reasonable promptness after a party discovers the facts which lead to the motion.").

_____